IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br>              v. <br><br> **[1] BENIGNO HERNANDEZ-CLANDER,** <br> **[2] PEDRO HERNANDEZ-UBIERA,** <br> **[3] FRANCISCO MERCEDES** <br><br> Defendant. | **CRIMINAL NO. 12-433 (FAB)** |

**JURY INSTRUCTIONS**

**Duty of the Jury to Find Facts and Follow Law**[1]

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

---

[1] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.01 (2009)

**Presumption of Innocence; Proof Beyond a Reasonable Doubt**[2]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendants are guilty of the crime with which they are charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict him.

---

[2] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.02 (2009)

**What Is Evidence; Inferences**[3]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[3] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.04 (2009)

**Kinds of Evidence: Direct and Circumstantial**[4]

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

[4] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.05 (2009)

**Credibility of Witnesses**[5]

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

---

[5] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.06 (2009)

**Cautionary and Limiting Instructions as to Particular Kinds of Evidence**[6]

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

---

[6] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.07 (2009)

**What Is Not Evidence**[7]

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that defendants have had an indictment filed against them is no evidence whatsoever of their guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

---

[7] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 3.08 (2009)

**Conspiracy to Possess with Intent to Distribute**[8]
**Count One**

In Count One, the defendants are accused of conspiring to commit a federal crime— specifically, the crime of possessing with the intent to distribute 5 kilograms or more of a mixture and substance containing cocaine.  It is against federal law to conspire with someone to commit this crime.

For you to find a defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people; and

Second, that the defendant willfully joined in that agreement;

---

[8] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 4.18.371(1) (2009)

**General Conspiracy Charge**[9]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of their own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

---

[9] First Circuit Pattern Criminal Jury Instructions, Instruction 4.18.371(1) (2009)

**Attempt to Possess with the Intent to Distribute a Controlled Substance**[10]
**Count Two**

Count Two accuses the defendants of attempting to possess with the intent to distribute a 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.  In order to prove the crime of attempt to possess with the intent to distribute as charged in Count Two of the indictment, the government must prove the following two things beyond a reasonable doubt:

First, that the defendant intended to commit the crime of possession with the intent to distribute cocaine; and

Second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.

The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

---

[10] First Circuit Pattern Criminal Jury Instructions, Instruction 4.18.00 (2009)

**"On or About" - Explained**[11]

You will note that the indictment charges that the offense was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

---

[11] Fifth Circuit Criminal Pattern Jury Instruction, Instruction 1.18

**Foreperson's Role; Unanimity**[12]

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

---

[12] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 6.01 (2009)

**Consideration of Evidence**[13]

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

---

[13] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 6.02 (2009)

**Reaching Agreement**[14]

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

---

[14] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 6.03 (2009)

**Return of Verdict Form**[15]

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

[15] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 6.04 (2009)

**Communication with the Court**[16]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[16] <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction 6.05 (2009)