IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATAES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No.: 12-433 (FAB) |
| ) | |
| [1] BENIGNO HERNANDEZ CLANDER ) | |
| ) | |
| Defendant ) | |

**NOTICE OF RIGHT TO HAVE COUNSEL PRESENT AT THE
PSR INTERVIEW AND URGENT REQUEST FOR AN ORDER FOR THE
TRANSFER OF THE DEFENDANT BACK TO THIS JURISDICTION OR
FOR AUTHORIZATION FOR PAYMENT OF TRAVEL AND LODGING
EXPENSES OF COUNSEL**

TO THE HONORABLE COURT:

Now comes the Defendant, BENIGNO HERNANDEZ CLANDER, hereinafter Mr. Hernandez, by and through his attorney Juan A. Albino Gonzalez, and respectfully informs and requests:

1. The undersigned was informed via e-mail that P.O. Ariel Rivera has been assigned to prepare the Pre-Sentence report. The undersigned e-mailed P.O. Rivera informing him that the undersigned requests to be present during said interview. However, Mr. Hernandez has been transferred to FDC Miami in Florida[1]. Thus, it is physically impossible for the undersigned or P.O. Rivera to conduct the interview.

---

[1] According to BOP personnel at MDC Guaynabo

2. Mr. Hernandez has had no meaningful contact with the undersigned since the change of plea hearing held on September 10, 2012 (Docket No. 118).  Mr. Hernandez did inform the undersigned that he wanted to exercise his right that the PSR interview be held in the presence of counsel.

3. Federal Rules of Criminal Procedure 32(c) (2) specifically instructs the "...probation officer who interviews a defendant as part of a presentence investigation **must**, **on request**, give the defendant's attorney notice and a reasonable opportunity to attend the interview."

4. It is a **Sixth Amendment** right that Mr. Hernandez has to have an attorney present during all stages of the criminal proceedings, including the PSR interview if he so decides.

5. The legal representation of our client has been disrupted by the removal from the jurisdiction at this stage.

6. There are many unanswered questions this situation presents which is the preamble of a claim of ineffective assistance of counsel at this stage of the criminal proceedings:

a. Logistically, how is the undersigned going to advise Mr. Hernandez, or support him during the interview?

b. How is the PSR going to be disclosed and subsequently published to Mr. Hernandez?

c. How can the undersigned have a meaningful discussion with Mr. Hernandez regarding the particularities of the PSR?

d. How can the undersigned and Mr. Hernandez determine whether objections to the PSR should be filed?

e. What about information necessary to prepare a sentencing memorandum on his behalf?

7. Mr. Hernandez does not waive the right to have his attorney present during the PSR interview and requests that he be brought back to Puerto Rico in order to exercise his right.

WHEREFORE, defendant respectfully requests that the Court enter an order to the U.S. Marshal Service to transfer him back to Puerto Rico for the PSR interview, meet with counsel to disclose, publish and discuss the PSR in order to determine whether objections and/or amendments are necessary. In the alternative, Counsel requests that the Court authorize payment of travel and lodging expenses incurred by him to visit his client in Miami, first prior to and during the PSR interview, second after the PSR is disclosed, and third prior to the sentencing hearing to brief him on the proceedings.

RESPECTFULLY SUBMITTED

Dated:   October 10, 2012

   I HEREBY CERTIFY that on this date I electronically filed the forgoing Motion with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

/s/ JUAN A. ALBINO GONZALEZ
Attorney for Defendant
U.S.D.C. – P.R. #225405
P.O. Box 25044
San Juan, P.R. 00918-5044
anibal031@gmail.com