IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

```
UNITED STATES OF AMERICA      *     CR NO. 12-433-FAB-SCC
                              *
     Plaintiff                *
                              *
       vs.                    *
                              *
BENIGNO HERNANDEZ CLANDER,    *
PEDRO HERNANDEZ UBIERA,       *
FRANCISCO MERCEDES            *
                              *
     Defendant(s)             *
                              *     September 10, 2012
------------------------------*     Hato Rey, Puerto Rico
```

**CHANGE OF PLEA HEARING**
HELD BEFORE MAGISTRATE SILVIA CARRENO COLL
UNITED STATES MAGISTRATE JUDGE
FEDERAL BUILDING, HATO REY, PUERTO RICO

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Denise Longo Quinones, AUSA |
| | Timothy Henwood, AUSA |
| For the Defendant(s): | Juan Albino Gonzalez, Esq. |
| | For Benigno Hernandez Clander |
| | Joseph Boucher Martinez, Esq. |
| | For Pedro Hernandez Ubiera |
| | Jose R. Gaztambide, Esq. |
| | For Francisco Mercedes |
| Court Interpreter: | Official Court Interpreter |
| Court Reporter: | FTR |
| Courtroom Deputy: | Official Courtroom Deputy |

**CERTIFIED TRANSCRIBERS, INC.**
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

1            P R O C E E D I N G S

2                                          (11:19 a.m.)

3            COURTROOM CLERK:  (Calling case)

4            MR. ALBINO GONZÁLEZ:  Good morning, Your Honor.

5            THE COURT:  Good morning.

6            MR. ALBINO GONZÁLEZ:  Juan Albino on behalf of

7    Defendant No. 1, Benigno Hernández, who's present before the

8    Court.  We're ready to proceed.

9            We've completed the forms, Your Honor, --

10           THE COURT:  Thank you.

11           MR. ALBINO GONZÁLEZ:  -- and we submitted them to the

12   -- to the court clerk.

13           THE COURT:  Okay.

14           MR. GAZTAMBIDE:  Good morning, Your Honor.

15           José R. Gaztambide on behalf of the Defendant

16   Francisco Mercedes, and we're ready to proceed.

17           THE COURT:  Thank you.

18           MR. BOUCHER MARTÍNEZ:  Good morning, Your Honor.

19           Attorney Joseph Boucher on behalf of Defendant No. 2,

20   Pedro Hernández Ubiera.  We are ready to proceed.

21           THE COURT:  Alright.  The Defendants should be

22   standing in the same order that they were told.

23           Mr. Benigno Hernández, is that you?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Mr. Pedro Hernández Ubiera.  Is that you?

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  And Mr. Francisco Mercedes.  Is that you,

3  sir?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Okay.  Alright.

6            I understand that you wish to enter a straight plea.

7  Is that correct?   That you wish to plead guilty to the

8  offenses charged by the government.

9            Is that right -- addressing each defendant?

10           THE DEFENDANT:  Yes.

11           THE DEFENDANT:  Yes.

12           THE DEFENDANT:  Yes.

13           INTERPRETER/TRANSLATOR:  Yes, as to all.

14           THE COURT:  Okay.  Now, you can have this hearing

15  done separately.  The only reason why I called the case with

16  the three of you at the same time is for purposes of doing

17  this more efficiently, more expeditiously.

18           But, if you don't feel comfortable, if you want yours

19  done alone, you may say so now, you may talk it out with your

20  attorneys.  You don't have to do it all together, but, out of

21  a sense of doing it quicker because it's a long hearing,

22  that's why we called the three of you at the same time.

23           MR. GAZTAMBIDE:  For Francisco Mercedes, we have no

24  objection, Your Honor.

25           THE COURT:  Okay.  Thank you, Mr. Gaztambide.

```
 1            Mr. Boucher?

 2            MR. BOUCHER MARTÍNEZ:  We are in agreement, Your

 3    Honor.

 4            THE COURT:  Okay.

 5            MR. ALBINO GONZÁLEZ:  Yes, Your Honor.  We have no

 6    objection to it -- to the hearing being conducted together.

 7            THE COURT:  Okay.  Any objections on the part of the

 8    government?

 9            MS. LONGO QUIÑONES:  No, Your Honor.

10            THE COURT:  Alright.  At this time, the Defendants

11    shall be placed under oath.

12        (Whereupon,

13                    Benigno Hernández Clander,

14                     Pedro Hernández Ubiera,

15                        Francisco Mercedes

16    are hereupon duly sworn as Witnesses and testify as follows)

17            THE COURT:  Okay.

18                        DIRECT EXAMINATION

19    BY THE COURT:

20    Q.   I advise the Defendants now that you're all -- you're all

21    under oath.

22            That means that you need to answer everything

23    truthfully; otherwise, you may subject yourselves to perjury

24    charges.

25            Do you understand that?
```

CERTIFIED TRANSCRIBERS, INC.
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

```
 1  A.    Yes.

 2  A.    Yes.

 3  A.    Yes.

 4  Q.    If at any time you don't understand something, you should

 5  say so, and it will be explained and clarified.

 6          And, if at any time you wish to confer with your

 7  attorneys, you may do so also at any time.  I don't have any

 8  problem.  But you need to make sure that you understand what

 9  you're answering to me.  Okay?

10  A.    Yes.

11  A.    Yes.

12  A.    Yes.

13  Q.    Okay.  Let's start by having each one of you state his

14  full name for the record.

15  A.    Benigno Hernández Clander.

16  A.    Pedro Hernández -- Pedro Manuel Hernández.

17  A.    Francisco Mercedes.

18  Q.    How old are you?

19  A.    28.

20  A.    27.

21  A.    47.

22  Q.    How far did you go in school?

23  A.    Law student.

24  A.    11th.

25  A.    8th.
```

 1  Q.   Have you been under the care of any doctor, psychiatrist,

 2  physician of any kind recently?

 3  A.   No.

 4  A.   Well, I was under medical care but not -- not any longer.

 5  Q.   How long ago?

 6  A.   Now.  When I was ...

 7  Q.   Okay.  When you were at MDC?

 8  A.   In MDC.

 9  Q.   Okay.  For what condition?

10  A.   Before, like, a --

11          MR. BOUCHER MARTÍNEZ:  Is it possible to --

12          THE DEFENDANT:  -- like, a stain I had in the lung.

13  It was a stain that came up.

14  BY THE COURT:

15  Q.   Are you taking medication for that condition?

16  A.   Yes.

17  Q.   Does the medication make you drowsy or disoriented in any

18  way?

19  A.   No.

20  Q.   Okay.  And you, sir?

21  A.   No.

22  Q.   Okay.  Have you ever been treated or hospitalized for

23  narcotics addiction?

24  A.   No.

25  A.   No.

```
 1  A.    No.
 2  Q.    Okay.  In the past 24 hours, Mr. Hernández, other than
 3  your prescribed medication, have you taken any drugs,
 4  medications, or alcoholic beverages?
 5  A.    No.
 6  A.    No.
 7  A.    No.
 8  Q.    Okay.  Do you feel well this morning?
 9  A.    Yes.
10  A.    Yes.
11  A.    Yes.
12  Q.    Do you think you can understand what we're doing here
13  today?
14  A.    Yes.
15  A.    Yes.
16  A.    Yes.
17  Q.    Have you received a copy of the indictment?
18  A.    Yes.
19  A.    Yes.
20  A.    Yes.
21  Q.    Have you discussed the indictment with your attorneys?
22  A.    Yes.
23  A.    Yes.
24  A.    Yes.
25  Q.    And do you clearly understand what you're charged with?
```

```
1   A.    Yes.

2   A.    Yes.

3   A.    Yes.

4   Q.    And are you satisfied with the legal representation that

5   the attorneys have provided each one of you?

6   A.    Yes.

7   A.    Yes.

8         Mine is new.

9   Q.    How new?

10  A.    Three days.

11        THE COURT:  Mr. Albino, are you representing

12  Defendant Hernández just three days ago?

13        MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

14        THE COURT:  How did that happen?  Because, this was

15  supposed to be going to trial today, right?

16        MR. ALBINO GONZÁLEZ:  Yes.  That's correct, Your

17  Honor.

18        THE COURT:  Okay.

19        MR. ALBINO GONZÁLEZ:  As to that effect, I was

20  officially contracted on Friday, --

21        THE COURT:  Okay.

22        MR. ALBINO GONZÁLEZ:  -- and, when I entered a notice

23  of appearance, --

24        THE COURT:  So, you were retained on Friday?

25        MR. ALBINO GONZÁLEZ:  Yes, Your Honor.
```

1              THE COURT:  Okay.

2              MR. ALBINO GONZÁLEZ:  I was retained on Friday.  I

3     was contacted on Wednesday by my client's mother --

4              THE COURT:  Okay.

5              MR. ALBINO GONZÁLEZ:  -- from New York.

6              And I went to visit Mr. Hernández at MDC that night.

7     He informed me of his case, and he informed me that he wished

8     to contract me because he was not satisfied with his previous

9     Counsel, Palomares.

10             And, as to that effect, I called Counsel Palomares on

11    Thursday and told him the situation.  And he -- or, I'm sorry

12    -- before I went to visit him --

13             THE COURT:  Uh huh?

14             MR. ALBINO GONZÁLEZ:  -- on MDC, I phoned -- I called

15    -- I spoke to Mr. Palomares so that he could authorize me --

16             THE COURT:  Okay.

17             MR. ALBINO GONZÁLEZ:  -- to talk -- I want to make

18    that clear, Your Honor -- to talk to Mr. Hernández, and he

19    authorized me.

20             The next day, I talked to Mr. Palomares, and he had

21    no objection to me filing a notice of appearance.

22             As a matter of fact, he told me he was going to file

23    a withdrawal, because he had previously requested withdrawal

24    as to Mr. Hernández's representation, but the same was denied

25    by Judge Besosa.

1          THE COURT:  Okay.

2          MR. ALBINO GONZÁLEZ:  I also want to make clear, Your

3   Honor, that Mr. Hernández, previously to me entering into his

4   legal representation, had filed two letters requesting the

5   withdrawal of Mr. Palomares.

6          Both of those letters were considered motions; --

7          THE COURT:  Um hum?

8          MR. ALBINO GONZÁLEZ:  -- they were denied.  And I

9   just want to make that also clear.

10          THE COURT:  Okay.

11          MR. ALBINO GONZÁLEZ:  In this case, Your Honor, ever

12   since I was officially contracted on Friday, Friday afternoon

13   I met with -- I immediately contacted SAUSA Longo, she's a

14   prosecutor -- one of the prosecutors in this case, --

15          THE COURT:  Um hum?

16          MR. ALBINO GONZÁLEZ:  -- and I asked to meet with her

17   that same day.

18          She was very generous enough to accept the meeting,

19   and I met with her at 3:00 in the afternoon.

20          We discussed -- we met for approximately an hour.  We

21   discussed the case.  She showed me a couple of discovery

22   videos which lasted approximately five to 10 minutes.  And

23   plea negotiations were ongoing, because she had e-mailed me,

24   and she had told me that we had until 3:00 in the afternoon

25   for all three defendants to file a change of plea.

1          THE COURT:  On Friday?

2          MR. ALBINO GONZÁLEZ:  On Friday.  That's correct,

3   Your Honor.

4          Obviously, I --

5          THE COURT:  Which is understandable, because the case

6   was scheduled to begin today.

7          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.  Yes.

8          As to that effect, she told me in the meeting that

9   there was no plea -- or, she was going to discuss it -- I'm

10  sorry -- she was going to discuss it with her supervisors the

11  offer, because my client, in his letters, he makes clear that

12  he never wants to go to trial, and he's not satisfied with his

13  previous Counsel.

14         He manifests in the letters that his dissatisfaction

15  is because Counsel Palomares has not explained to him what

16  he's involved in specifically, he's not explained to him the

17  plea agreement, he's not explained to him other legal terms

18  that go along with these cases, Your Honor.

19         And, as to that effect, I requested that the

20  government extend the plea offer that was previously extended,

21  but the government did not.

22         I received an e-mail from SAUSA Longo later on that

23  night, on Friday, stating that all plea offers were -- were

24  not --

25         THE COURT:  Were withdrawn.

1          MR. ALBINO GONZÁLEZ:  -- were withdrawn -- correct,

2    Your Honor -- and that they would -- my client would have to

3    enter a straight plea.

4          Now, I met with Counsel Palomares on Saturday in my

5    office, because I hadn't received anything from the discovery,

6    the file.  I had reviewed the docket, obviously, but I hadn't

7    -- I hadn't received the discovery.

8          Counsel Palomares gave me a file with two CD's, Your

9    Honor.  And I looked at the specific out of my index of the

10   discovery that was going to be used in this case, and it

11   included a lot more discovery.

12         The two CDs were two COSTCO surveillance videos,

13   which tried to you on my computer but to no avail.

14         I even contacted Brother Counsel Gaztambide, Brother

15   Counsel Boucher to try to view the videos, but it wasn't

16   possible.

17         I was, basically, Your Honor -- I went to visit my

18   client at MDC basically for -- I was there for, like, five

19   hours on Saturday, talking about the case and discussing all

20   the possibilities.

21         That same night, I prepared a motion to continue

22   trial, because, in all honesty, I wasn't ready.

23         THE COURT:  Um hum?

24         MR. ALBINO GONZÁLEZ:  I'm not ready to go to trial.

25   I just assumed legal representation, and, obviously, that is

**CERTIFIED TRANSCRIBERS, INC.**
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

1    on me.  I assumed legal representation on Friday.

2          But I would not -- my client's 6th Amendment right

3    wouldn't be protected, Your Honor, because I was not ready to

4    go to trial today.

5          Now, to -- I also coordinated with SAUSA Longo that

6    on Sunday --

7          THE COURT:  Was that motion ruled upon by Judge

8    Besosa?

9          MR. ALBINO GONZÁLEZ:  I -- I understand it was,

10   because I couldn't file it on Saturday.  Because, the ECF

11   filing system was down until 7 -- I believe 7:00 Sunday, 7:00

12   at night on Sunday.

13         THE COURT:  Um hum?

14         MR. ALBINO GONZÁLEZ:  So, no -- I couldn't file any

15   motion on Saturday.

16         I also coordinated with SAUSA Longo -- I informed her

17   via e-mail -- we communicated -- and I informed her that I had

18   only received two discovery CDs from Counsel Palomares, and I

19   noticed that, in the evidence  that they were going to use,

20   there were 26 phone calls that were recorded, and other video-

21   audio recordings, as well as transcripts of those video and

22   audio recordings.

23         As to that effect, I told her I did not have that

24   discovery.

25         She was kind enough to tell me -- and she took her

1   time -- and she was kind enough to tell me that -- to pick it
2   up on Sunday morning at 10:00 a.m. in her office.  So, that's
3   what we agreed to.
4            So, that's what I did.  I was there on Sunday at
5   10:00 a.m. --
6            THE COURT:  Um hum?
7            MR. ALBINO GONZÁLEZ:  -- at the AUSA office to pick
8   up the discovery, which she was nice enough to take her time
9   -- out of her time --
10            THE COURT:  Well, I understand --
11            MR. ALBINO GONZÁLEZ:  -- and -- and do it.
12            THE COURT:  -- that the path has been very rocky.
13            But let me ask you something: --
14            MR. ALBINO GONZÁLEZ:  Well, Your Honor, I've just --
15   I just want to --
16            THE COURT:  -- have you --
17            MR. ALBINO GONZÁLEZ:  -- I just want to clear the
18   record --
19            THE COURT:  -- okay --
20            MR. ALBINO GONZÁLEZ:  -- and have it -- have it all
21   clear.
22            THE COURT:  What I need to know is: have you -- I
23   know it's been a very short period -- but have you reviewed
24   the full discovery package?
25            MR. ALBINO GONZÁLEZ:  I have to be honest with the

 1  Court: I haven't reviewed the full discovery package.  No, I
 2  have not.
 3          And that's -- I'm just being honest, Your Honor.
 4          THE COURT:  Okay.  Thank you for being honest.
 5          But we're in a bind here.
 6          MR. ALBINO GONZÁLEZ:  Yes, we are, Your Honor.
 7          THE COURT:  You have a client who's an attorney.
 8          Did you graduate, Mr. Hernández?
 9          THE DEFENDANT:  (In mid-answer)
10          THE COURT:  Okay.
11          THE DEFENDANT:  I have up to six more months.
12          THE COURT:  Well, he's -- he's almost a lawyer.
13          So, --
14          MR. ALBINO GONZÁLEZ:  Yes.
15          THE COURT:  -- I understand that you've been trying
16  to catch up, and you've been trying to very efficiently and
17  ably represent Mr. Hernández --
18          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.
19          THE COURT:  -- but it's a short period of time.
20          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.
21          THE COURT:  What I have here is a situation in which
22  your client needs to feel that, even though it's been a short
23  period of time, the best advice that you can give him is to
24  take the straight plea.
25          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

 1          THE COURT:  And, for you to do that, you have to tell

 2    him "I have reviewed everything that the government is going

 3    to be presenting at trial, and it is my advice to you to

 4    plead", and you can't do that because you just told me that

 5    you have not reviewed the complete file.

 6          MR. ALBINO GONZÁLEZ:  No, Your Honor, I have not.

 7          THE COURT:  Okay.  Is there anyway we can solve that?

 8     Is there anyway we can continue this for four or five hours

 9    and have you look at the file?

10          Because, I don't want -- Mr. Hernández can not make

11    this decision without your advice, and your advice has to be

12    based on a full review of the evidence.

13          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.  I understand,

14    Your Honor, perfectly.

15          THE COURT:  Mr. Gaztambide?

16          MR. GAZTAMBIDE:  Yes.  I just wanted to add, Your

17    Honor, that, on Saturday night, --

18          MR. ALBINO GONZÁLEZ:  We met --

19          MR. GAZTAMBIDE:  -- we met at my office ... (off mic)

20    ... at my home and met with both Counsel Boucher and Albino.

21          I gave to Mr. Albino all the transcripts of the phone

22    calls.  So, -- and we discussed the case at length.

23          I have also had the opportunity in the past to visit

24    -- I have visited MDC, and I have interviewed both the

25    Defendants that are at MDC with the permission back then of

1    Attorney Palomares, and I met and discussed with Benigno his

2    case.

3            THE COURT:  Um hum?

4            MR. GAZTAMBIDE:  I was asking about my case, of

5    course, but he had -- he had the opportunity to ask me

6    questions, and I -- and I answered.  And I think he was fully

7    aware of where he stood.

8            And the same, I can say, with Pedro.  I have done so

9    with his attorney.  I have always assisted both of them.  I

10   know it's beyond my scope, but I -- I have --

11           THE COURT:  Well, actually, if there is no conflict

12   between the defendants in terms of their -- of their defense,

13   of what their postures are going to be at the time of

14   sentencing, it may be helpful to give you some time and have

15   all of you meet and discuss the case and perhaps assist Mr.

16   Albino in being completely aware of all the evidence that

17   exists against his client.

18           I mean, that's -- that's an option.

19           MR. GAZTAMBIDE:  I'm -- we are ready to proceed.  I

20   -- I think both Mr. Boucher and myself, we're -- we're more

21   than ready.

22           THE COURT:  Okay.

23           MR. GAZTAMBIDE:  We are --

24           MR. BOUCHER MARTÍNEZ:  We are ready, Your Honor.

25           MR. GAZTAMBIDE:  -- I think from the first day in

 1   this case, --

 2           MR. BOUCHER MARTÍNEZ:  We are ready, Your Honor.

 3           Nonetheless, if Your Honor understands that it would

 4   be -- that it could be helpful for Mr. Albino and his client

 5   that we all basically --

 6           THE COURT:  Okay.  Mr. Albino, how much do you have

 7   to go in terms of reviewing the evidence?

 8           MR. ALBINO GONZÁLEZ:  Your Honor, to be frank, the

 9   evidence is not that long.

10           THE COURT:  Okay.

11           MR. ALBINO GONZÁLEZ:  I mean, there's -- there's

12   basically a transaction that took place, and that is recorded.

13   There's different cameras, different angles, --

14           THE COURT:  Okay.

15           MR. ALBINO GONZÁLEZ:  -- and there's 26 phone calls.

16           THE COURT:  Okay.

17           MR. ALBINO GONZÁLEZ:  Other than that, I believe

18   there's not any other evidence.  Correct?  If I'm --

19           MS. LONGO QUIÑONES:  There's no -- no evidence

20   that --

21           MR. ALBINO GONZÁLEZ:  -- mistaken --

22           MS. LONGO QUIÑONES:  -- if -- if you --

23           MR. ALBINO GONZÁLEZ:  -- the government can mis --

24           MS. LONGO QUIÑONES:  Your Honor?

25           MR. ALBINO GONZÁLEZ:  -- if I'm mistaken, --

1          THE COURT:  Yes, Ms. Longo?

2          MS. LONGO QUIÑONES:  If -- if he has an opportunity

3   to review all the transcripts of the phone calls, that he has

4   reviewed the phone calls, there's 26 phone calls, and the

5   transcripts were all provided, and he had an opportunity to

6   review them, all he has to do is review the videos.

7          The videos, it could take 15 to 20 minutes to review.

8          THE COURT:  Yes?

9          MR. BOUCHER MARTÍNEZ:  I agree, Your Honor.

10         MR. GAZTAMBIDE:  If I may suggest on continuing the

11  hearing until 1:30, and then we could come back, if it's

12  possible?

13         MR. ALBINO GONZÁLEZ:  I -- I don't know if --

14         MR. GAZTAMBIDE:  1:00, 1:30?

15         THE COURT:  Is that enough time?

16         MR. ALBINO GONZÁLEZ:  I don't know if that would be

17  enough time, Your Honor.

18         THE COURT:  Are your schedules tied up?  Because, we

19  can do this at 3:00 or 4:00.

20         Are you tied up?  I -- I mean, Mr. Hernández, --

21         MS. LONGO QUIÑONES:  We're -- we're available, Your

22  Honor.

23         THE COURT:  -- I need you to stand there and tell me

24  "I want to plead guilty.  This is a straight plea.  And I

25  don't have any mental reservations.  I don't have any doubts.

1    I don't have any second thoughts".

2             I want you to be certain that this is what you want

3    to do.

4        (Counsel confer with clients)

5             THE COURT:  Furthermore, I have just been advised

6    that the jury's waiting.

7             MR. BOUCHER MARTÍNEZ:  Your Honor, that's why I'm

8    saying I'm ready.  I would rather take it now, because I want

9    Judge Besosa to be sure of what we are doing.

10            THE COURT:  Mr. Hernández?

11            THE DEFENDANT:  Your Honor, I'd just request some

12   time, because I was not understanding -- I was not

13   understanding Mr. Palomares.  And, on one occasion, I -- when

14   there was a pleading, I just requested -- he didn't even wait

15   for me.

16            Well, he just brought me before a magistrate without

17   having communicated to me all the details, without having seen

18   all the videos.  I was told there were 26 phone calls.

19            And, then, I contacted my family -- mistake -- I

20   contacted an attorney, and the attorney said that the letter

21   should be sent.

22            THE COURT:  Okay.

23            THE DEFENDANT:  And it was not this attorney, it was

24   another attorney that did not want to visit me unless the

25   letter was approved.

1          THE COURT:  I understand that you want more time.  I

2   understand this.

3          But you need to understand that this case has been

4   set for trial.  Actually, at this time, trial would have been

5   underway by now.

6          I -- I cannot continue -- I cannot change the

7   presiding judge's schedule.  What I'm trying to do is, within

8   that schedule of a case that was supposed to begin today, give

9   your Attorney enough time to be able to make a recommendation

10  in terms of "Go ahead and take the straight plea because it's

11  your best option" or "Let's proceed with trial at 4:00 -- or

12  at 4:00".

13         The problem is that there's a jury waiting.  There's

14  a jury panel.

15         So, the most I can do is give you until 2:00, to sit

16  down and go over this evidence, talk it out.  If your decision

17  after that is "I think I need to go to trial", then you begin

18  picking a jury at 2:00, 2:30 -- I don't know -- 3:00.

19         But there's --

20         MR. ALBINO GONZÁLEZ:  Your Honor, --

21         THE COURT:  -- do you understand my bind?

22         MR. ALBINO GONZÁLEZ:  Yes.

23         THE COURT:  I cannot --

24         MR. ALBINO GONZÁLEZ:  I absolutely do.

25         THE COURT:  -- I cannot continue the trial date.

1          MR. ALBINO GONZÁLEZ:  I -- I -- I absolutely

2     understand Your Honor's position.  That's why we filed a

3     motion to continue, and I believe it was -- it was reasoned in

4     law.

5          But, unfortunately, the judge denied it.  So, we have

6     to deal with what we have.

7          I would request, then, that Your Honor allow me until

8     the afternoon to talk again and review everything with my

9     client.  And --

10         MS. LONGO QUIÑONES:  Your Honor, --

11         MR. ALBINO GONZÁLEZ:  -- and hopefully, at that time,

12    then, we -- we will be ready.

13         THE COURT:  Actually, in some instances, a Rule 11

14    meeting in which the Prosecutor explains to the Defendant the

15    evidence on behalf -- what the government has is sometimes

16    useful.

17         I cannot tell you how to do this.  I think it's

18    doable.  And, from what I'm hearing, I think that, from what

19    you have reviewed so far, Mr. Albino, your recommendation is

20    going to be to your client to take the plea.

21         MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

22         THE COURT:  This is -- this is what I'm sensing.

23         MR. ALBINO GONZÁLEZ:  That -- that's correct.  Yes.

24         THE COURT:  But I -- but I need the assurance that

25    you've seen it all and --

 1          MR. ALBINO GONZÁLEZ:  Exactly.

 2          THE COURT:  -- that's your recommendation.

 3          MR. ALBINO GONZÁLEZ:  Yes.

 4          THE COURT:  So, I'm going to call Judge Besosa and

 5  tell him that I need a couple of -- that I need a couple of

 6  hours to --

 7          MR. ALBINO GONZÁLEZ:  Okay.

 8          THE COURT:  -- make sure that --

 9          MR. ALBINO GONZÁLEZ:  And we appreciate that, Your

10  Honor.

11          THE COURT:  -- this is the right choice on the part

12  of your client.

13          And, if by 2:00 he's still not convinced, then you

14  need to go to trial.

15          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

16          THE COURT:  Okay?  And I'm sorry.  This is the best

17  I can do.

18          So, talk it out.  If you want to do it all together,

19  if the prosecution wants to join in the Rule 11 meeting,

20  whatever you think you can do to --

21          MS. LONGO QUIÑONES:  Your Honor, but can we -- can we

22  proceed with the other two defendants?

23          THE COURT:   If that's what you want to do.

24          MS. LONGO QUIÑONES:  We would like to do that for

25  purposes of --

1          THE COURT:  Then, Mr. Albino, you need to go to your
2  client --
3          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.
4          THE COURT:  -- with your client and do it yourself,
5  go through the evidence with your client.
6          MR. ALBINO GONZÁLEZ:  Your Honor, is it possible that
7  the Court could allow us to be in a place where there's a
8  computer and review everything?  Is that -- is that possible?
9          THE COURT:  Mr. Fuentes, is there a place in the
10  marshal's office where the defendant can meet with his
11  client --
12          MR. ALBINO GONZÁLEZ:  Yes.
13          THE COURT:  -- and have a computer and go over
14  documents?
15          COURTROOM MARSHAL:  Well, a computer, perhaps we
16  don't have that.  It's just an interview room.
17          MR. GAZTAMBIDE:  Your Honor, I -- I have my laptop
18  downstairs.  He can use --
19          COURTROOM MARSHAL:  Well, I can actually have it
20  cleared with the supervisor, because there's no --
21          THE COURT:  Well, Mr. --
22          COURTROOM MARSHAL:  -- well, they can sit there, and
23  he can show it to him.
24          THE COURT:  -- Mr. Gaztambide is offering a laptop.
25          MR. GAZTAMBIDE:  My laptop, right.

1              COURTROOM MARSHAL:  Then, if he's able to watch the

2    videos through the --

3              THE COURT:  Okay.

4              COURTROOM MARSHAL:  -- the window, that's not a

5    problem.

6              But, as far as --

7              MR. ALBINO GONZÁLEZ:  Well, --

8              COURTROOM MARSHAL:  The problem is, Your Honor, is

9    that we -- we have three -- almost three trials going on --

10             THE COURT:  Yes.

11             COURTROOM MARSHAL:  -- or two right now.  We were

12   scheduled to have this.  We're running short on personnel, and

13   we just don't have enough people to sit there for --

14             THE COURT:  Mr. Albino, do you think you can do this?

15    You can -- do you think you can review the evidence with --

16             COURTROOM MARSHAL:  I'm going to try to have it

17   arranged, Your Honor.

18             MR. ALBINO GONZÁLEZ:  I would have to see the

19   circumstances, but I believe I could, Your Honor, yes.

20             MR. BOUCHER MARTÍNEZ:  Your Honor, maybe -- sorry to

21   interject here, but --

22             THE COURT:  No.  Thank you.  We're trying to figure

23   this out.

24             MR. BOUCHER MARTÍNEZ:  -- maybe ... (off mic) ...

25   Judge Besosa's courtroom there's a laptop, and the evidence, I

1    think, is there, and he can --

2          MS. LONGO QUIÑONES:  The evidence is still there,

3    Your Honor.

4          MR. BOUCHER MARTÍNEZ:  -- see it.

5          The Prosecutor -- as a matter of fact, Your Honor,

6    the Prosecutor was kind enough this morning to show me one of

7    the videos together with my client and -- and that's what made

8    it that we're here.

9          MS. LONGO QUIÑONES:  So, we could -- we could

10   coordinate --

11         THE COURT:  Okay.  That sounds reasonable.

12         MS. LONGO QUIÑONES:  -- to get that done.

13         THE COURT:  And -- and, in fact -- but you still want

14   to do the change of plea as to the other two defendants?

15         MR. BOUCHER MARTÍNEZ:  Yes, Your Honor.

16         THE COURT:  Okay.

17         MR. BOUCHER MARTÍNEZ:  And -- and I'm sure, Your

18   Honor, that, by doing this, Judge Besosa will be --

19         THE COURT:  Pleased.

20         MR. BOUCHER MARTÍNEZ:  -- very clear (sic) to know

21   that --

22         MR. GAZTAMBIDE:  Your Honor?  If I may, Your Honor?

23   As my client?

24         THE COURT:  Yes?

25         MR. GAZTAMBIDE:  My client would prefer that the

```
 1   three -- that the other two defendants would celebrate the
 2   change of plea, straight plea, at the same time.
 3            THE COURT:  Your client wants to do it together?
 4            MR. GAZTAMBIDE:  Alright.  So, I -- I would request
 5   that we wait, then, until 2:00 or 1:30 in the afternoon, which
 6   I thought was -- I mean, that's what I could foresee.
 7            MR. ALBINO GONZÁLEZ:  That's what I was --
 8            THE COURT:  That -- I think it's the best course of
 9   action.
10            MR. ALBINO GONZÁLEZ:  I think it's the best way.
11   It's more efficient --
12            MR. BOUCHER MARTÍNEZ:  He wants to do all three
13   together, Your Honor.
14            MR. ALBINO GONZÁLEZ:  We'll do it all at the same
15   time.
16            THE COURT:  Okay.  2:00.  Figure this out, go through
17   the evidence, talk to your client.
18            I'm going to call Judge Besosa.  And I'll reconvene
19   here at 2:00 with all of you.
20            MR. ALBINO GONZÁLEZ:  Nonetheless, Your Honor, we are
21   not withdrawing --
22            THE COURT:  No, I understand.
23            MR. ALBINO GONZÁLEZ:  -- that my client is entering a
24   plea.  We're just --
25            THE COURT:  You're not reconsidering, you're not
```

1    having second thoughts.

2              MR. ALBINO GONZÁLEZ:  It's just scheduled for 2:00.

3              THE COURT:  Okay.

4              MR. ALBINO GONZÁLEZ:  Well, there's nothing -- well,

5    -- well, -- there's -- it's a straight plea, so we're not --

6    we can't --

7              THE COURT:  You're not negotiating anything, --

8              MR. ALBINO GONZÁLEZ:  Exactly.

9              THE COURT:  -- you're just -- okay.

10             This is what you need to do, Mr. Albino: go over the

11   evidence, sit down with your client, and make sure that you

12   give him your best advice.

13             MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

14             THE COURT:  If I were you, "I would go to trial", or,

15   "No, I will take this plea".

16             This is -- this is the exercise that you need to

17   accomplish --

18             MR. ALBINO GONZÁLEZ:  Well, "From what I've seen, I

19   wouldn't go to trial", but, yes, Your Honor.

20             THE COURT:  Exactly.  Exactly.

21             "These are the risks", "These are the --

22             MR. ALBINO GONZÁLEZ:  Sure, Your Honor.  I will do

23   that.

24             THE COURT:  And you have two hours and 15 minutes to

25   do that.  Okay?

1          MR. ALBINO GONZÁLEZ:  I will try my best.  Thank you,

2    Your Honor.

3          THE COURT:  Thank you.

4          COURTROOM CLERK:  All rise.

5      (Whereupon, change of plea hearing in this matter is

6    continued into afternoon session)

7                                        (11:48 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          **AFTERNOON SESSION**

2                                              (3:09 p.m.)

3          COURTROOM CLERK:  (Calling case)

4          MR. ALBINO GONZÁLEZ:  Good afternoon, Your Honor.

5          Juan Albino on behalf of Mr. Benigno Hernández who's

6   present before the Court.

7          MR. BOUCHER MARTÍNEZ:  Good afternoon, Your Honor.

8          Attorney Joseph Boucher on behalf of Pedro Hernández

9   Ubiera who's present also in Court and under custody.

10          MR. GAZTAMBIDE:  Good afternoon, Your Honor.

11          Attorney José R. Gaztambide on behalf of the

12   Defendant Francisco Mercedes.

13          THE COURT:  Good afternoon, everyone.

14          UNANIMOUS COUNSEL:  Good afternoon, Your Honor.

15          THE COURT:  Mr. Albino, did you have a chance to

16   finish reviewing the evidence?

17          MR. ALBINO GONZÁLEZ:  That's correct, Your Honor.

18          As Your Honor ordered, we went downstairs, we were in

19   the courtroom of Judge Besosa, and, there, we reviewed, along

20   with my client -- the prosecution was kind enough to allow us

21   to review in their computer the CDs of the video recording in

22   which my client is in.  He also heard all the audio recordings

23   in which my client is in.

24          That is basically the discovery against my client in

25   this case.

1          So, we have reviewed -- at least, I have reviewed all

2     of the discovery with him, and he viewed it with me.

3          The agents were there, the Prosecutor was there.

4          And, so, my recommendation to my client, based on all

5     the evidence, is that he enter a plea of guilty, Your Honor,

6     as to that effect.

7          THE COURT:  Okay.

8     BY THE COURT:

9     Q.   Mr. Hernández, do you feel that you're in a better

10    position to make a decision now regarding your determination

11    to plead guilty or not plead guilty in this case?

12    A.   Yes.

13    Q.   Alright.

14         THE COURT:  Should we proceed with the change of plea

15    hearing?

16         MR. BOUCHER MARTÍNEZ:  Yes, Your Honor.

17         MR. ALBINO GONZÁLEZ:  Yes, Your Honor

18         MR. GAZTAMBIDE:  Yes, Your Honor.

19         MR. ALBINO GONZÁLEZ:  In addition, Your Honor, may I

20    approach briefly with -- with the prosecution?

21         THE COURT:  Sure.

22         MR. ALBINO GONZÁLEZ:  Just -- because, I want to set

23    something clear for the record.

24       (Bench conference is held)

25         THE COURT:  Alright.  Should we proceed where we left

1   it?   Or, to have a clear record, do you believe that we
2   should start it from scratch?   Or, what is your position, Mr.
3   Gaztambide?
4           MR. GAZTAMBIDE:   Well, Your Honor, I think we should
5   proceed where --
6           THE COURT:   Where we left it?
7           MR. GAZTAMBIDE:   -- we stopped.
8           I think that the record is clear, and this is just a
9   continuance of the --
10           MR. BOUCHER MARTÍNEZ:   I agree, Your Honor.
11   Absolutely.   Yes.
12           THE COURT:   Very well.   Okay.
13           Mr. Albino, do you have any problem?
14           MR. ALBINO GONZÁLEZ:   Yes, Your Honor, I agree.
15           THE COURT:   Okay.
16           This morning, we started the change of plea hearing
17   as to the three defendants, and I inquired from the defendants
18   whether they felt comfortable doing it at the same time, and
19   they all agreed.
20           And, actually, the last question I asked before we
21   continued the matter was whether the defendants were satisfied
22   with the legal representation they have received in this case.
23           And Mr. Hernández had some concerns regarding his
24   legal representation -- his previous legal representation,
25   and, then, Mr. Albino voiced some concerns regarding the fact

```
 1  that he came on board last Friday.  And I give him some time
 2  to finish reviewing whatever evidence they had not reviewed,
 3  both Mr. Albino and Mr. Hernández.
 4          And, before we started, I inquired from Mr.
 5  Hernández.  And it seems to me that he feels now that he has
 6  explored all the possibilities and that he's ready now to
 7  proceed.
 8          Is that correct, both Mr. Albino and Mr. Hernández?
 9          THE DEFENDANT:  [Yes].
10          MR. ALBINO GONZÁLEZ:  Yes, Your Honor.
11          THE COURT:  Okay.
12          MR. ALBINO GONZÁLEZ:  That is absolutely correct.
13  BY THE COURT:
14  Q.  So, I'm going to ask you, Mr. Hernández: are you
15  satisfied with the legal representation that you have received
16  from Mr. Albino now?
17  A.  Yes.
18  Q.  Okay.
19          And you, sir, from Mr. Boucher?
20  A.  Yes.
21  Q.  And you, sir, from Mr. Gaztambide?
22  A.  Yes.
23  Q.  Okay.
24          THE COURT:  Now, do any of you have any concerns
25  regarding your client's competence to stand through this
```

1  change of plea hearing?

2         MR. ALBINO GONZÁLEZ:  Your Honor, on behalf of Mr.

3  Hernández, no.  I don't have any doubts.

4         MR. BOUCHER MARTÍNEZ:  As to Defendant No. 2, Pedro

5  Hernández Ubiera, none, Your Honor.

6         MR. GAZTAMBIDE:  Your Honor, as to Francisco

7  Mercedes, I have none.

8         THE COURT:  Okay.  Any concerns on the part of the

9  government?

10        MS. LONGO QUIÑONES:  No, Your Honor.

11        THE COURT:  Alright.  At this time, I'm finding that

12 the three defendants, Benigno Hernández, Pedro Hernández, and

13 Francisco Mercedes, are competent to plead, fully aware of the

14 nature of the charges and the purpose of today's hearing.

15        Now, before we proceed with the actual change of

16 plea, I need to advise the Defendants that they have the right

17 to have this hearing before the presiding judge or before any

18 District Judge.

19 BY THE COURT:

20 Q.   I am a U.S. Magistrate Judge, and I have limited

21 jurisdiction to preside over felony matters, such as this

22 case.

23        So, I need your consent to proceed.

24        Do you understand what I'm saying so far?

25 A.   Yes.

1    A.    Yes.

2    A.    Yes.

3    Q.    Okay.  If you consent, if you decide that you want to

4    proceed before a Magistrate Judge and I finish this hearing

5    and I'm convinced that you are doing this knowingly,

6    intelligently, and voluntarily, then I issue a report and

7    recommendation telling the Judge that he should accept your

8    guilty plea.

9             But my recommendation can be reviewed by the

10   presiding judge.

11            Do you understand that?   And, understanding that, do

12   you want to proceed?

13   A.    Yes.

14   A.    Yes.

15   A.    Yes.

16   Q.    Okay.  I have here a document entitled -- one for each

17   one of you -- "Consent to proceed before a U.S. Magistrate

18   Judge and waiver of right to trial by jury".

19            I'm showing Mr. Benigno Hernández the document,

20   showing Mr. Hernández Ubiera his document, and showing Mr.

21   Mercedes his document.

22            (Exhibit is shown to the Witness.)

23   Q.    Did you review this document, each one of you, with your

24   attorneys?   And were these documents translated for you into

25   the Spanish language?

```
 1  A.    Yes.

 2  A.    Yes.

 3  A.    Yes.

 4  Q.    Do you all understand what these documents say?

 5  A.    Yes.

 6  A.    Yes.

 7  A.    Yes.

 8  Q.    Okay.  Mr. Hernández, is this your signature here?

 9  A.    Yes.

10  Q.    And Mr. Hernández Ubiera and Mr. Mercedes?

11  A.    Yes.

12  A.    Yes.

13  Q.    Okay.  And I ask each one of you: by signing this

14  document, do you intend to tell the Court that you understand

15  and agree with everything contained in this document?

16  A.    Yes.

17  A.    Yes.

18  A.    Yes.

19          THE COURT:  At this time, I'm approving the consent

20  to proceed before a Magistrate Judge.

21      (Documents are reviewed)

22          THE COURT:  Okay.  There's no plea agreement in this

23  case.

24          This is --

25          MR. GAZTAMBIDE:  That is correct, Your Honor.
```

```
 1              MR. BOUCHER MARTÍNEZ:  That is correct.

 2              MR. ALBINO GONZÁLEZ:  That is correct.

 3              THE COURT:  Okay.  This is a straight plea.

 4              So, addressing the Defendants:

 5   BY THE COURT:

 6   Q.   You're pleading guilty to what the government charged you

 7   with.

 8              Do you understand what that is?  Do you understand

 9   what the consequences of that are?

10   A.    Yes.

11   A.    Yes.

12   A.    Yes.

13   Q.   Okay.  Has anyone threatened you or attempted in any way

14   to force you to plead guilty in this case?

15   A.    No.

16   A.    No.

17   A.    No.

18   Q.   Has anyone offered you anything of value in exchange for

19   your plea?

20   A.    No.

21   A.    No.

22   A.    No.

23   Q.   Are you pleading guilty because you are in fact guilty?

24   A.    Yes.

25   A.    Yes.
```

1  A.    Yes.

2  Q.    Okay.

3         THE COURT:  Can you tell me if your clients are U.S.

4  citizens?

5         MR. ALBINO GONZÁLEZ:  Not mine, Your Honor.  He does

6  have a -- a visa -- or, not mine.  Not mine.

7  BY THE COURT:

8  Q.    And you, sir?

9  A.    Resident.

10 A.    Resident.

11 Q.    Okay.  I need to advise you that there may be negative

12 immigration consequences, such as removal, deportation, and,

13 in some instances, you may be barred from re-entering to the

14 United States.

15        Are you all aware of possible negative immigration

16 consequences?

17 A.    Yes.

18 A.    Yes.

19 A.    Yes.

20 Q.    Okay.  This indictment charges the three Defendants with

21 a conspiracy to possess with intent to distribute controlled

22 substances.  That's count 1.

23        Count 2 charges an attempt to possess with intent to

24 distribute the controlled substances.  And, then, there's a

25 forfeiture allegation for some money.

```
 1              That's basically what's charged in the indictment.
 2              Are you all aware that these are the charges pending?
 3  A.   Yes.
 4  A.   Yes.
 5  A.   (In mid-answer)
 6              INTERPRETER/TRANSLATOR:  Yes, as to Mr. Hernández.
 7              THE DEFENDANT:  I'd like to consult --
 8  BY THE COURT:
 9  Q.   Talk to your Attorney.
10  A.   (Consulting with Counsel)  --
11              MR. BOUCHER MARTÍNEZ:  As to Mr. Pedro Hernández
12  Ubiera, --
13  BY THE COURT:
14  Q.   Do you understand that these are the charges?
15  A.   Yes.
16  Q.   Mr. Mercedes?
17  A.   Yes.
18  Q.   Okay.  So, this is a two-count indictment.
19              One is the conspiracy with the intent to distribute,
20  and count 2 is the attempt to possess with the intent to
21  distribute.
22              Do you understand this?
23  A.   Yes.
24  Q.   Okay.  As charged, by reason of the statute under which
25  this is charged, it carries some maximum penalties.
```

1          Have you discussed with your attorneys what the

2    maximum penalties are for this?

3    A.   Yes.

4    A.   Yes.

5    A.   Yes.

6          THE COURT:  Counsel for the government, can you

7    please state for the record the maximum penalties for each

8    count?

9          MR. HENWOOD:  Yes, Your Honor.

10          It's -- it's a term of imprisonment of at least 10

11   years but not more -- or, up to life imprisonment, --

12          THE COURT:  Um hum?

13          MR. HENWOOD:  -- a supervised released term -- term

14   of at least five years, --

15          THE COURT:  Um hum?

16          MR. HENWOOD:  -- and a fine -- let me read it here --

17   I have --

18          THE COURT:  Not to exceed $10 million.

19          MR. HENWOOD:  Not to exceed $10 million.  That's

20   correct.  Thank you.

21          THE COURT:  And did we state the term of supervised

22   release?

23          MR. HENWOOD:  Yeah.  Not to exceed five years.

24          THE COURT:  Not to exceed five years.  Okay.

25   BY THE COURT:

1  Q.   Do you all understand that these are the maximum

2  penalties provided by the statute?

3  A.   Yes.

4  A.   Yes.

5  A.   Yes.

6  Q.   Alright.  Supervised release is a turn to be served after

7  any term of imprisonment: you're done with any jail term,

8  you're back in the free community, but you're back in the free

9  community with some conditions.

10       And, if you violate any of those conditions, then you

11  go back to jail for the full term of supervised release.

12       Do you all understand what that is?

13  A.   Yes.

14  A.   Yes.

15  A.   Yes.

16  Q.   Also, I need to advise you that there's a special

17  monetary assessment of $100 per count that has to be assessed

18  because it's required by law.

19       Are you aware of that requirement?

20  A.   Yes.

21  A.   Yes.

22  A.   Yes.

23  Q.   Alright.

24       THE COURT:  Any of the Defendants is currently on

25  probation or supervised release, or on parole in a State case?

1            MR. ALBINO GONZÁLEZ:  As to Benigno Hernández,

2     Defendant No. 1, no, Your Honor.

3            MR. BOUCHER MARTÍNEZ:  As to Pedro Hernández Ubiera,

4     no, Your Honor.

5            MR. GAZTAMBIDE:  As to Francisco Mercedes, no, Your

6     Honor.

7            THE COURT:  Okay.  Now, anyone currently serving a

8     sentence in another case?

9            MR. ALBINO GONZÁLEZ:  As to Defendant No. 1, no.

10           MR. BOUCHER MARTÍNEZ:  As to Pedro Hernández Ubiera,

11    no, Your Honor.

12           MR. GAZTAMBIDE:  As to Francisco Mercedes, no, Your

13    Honor.

14           THE COURT:  Okay.

15    BY THE COURT:

16    Q.   Now, at the time of sentencing, the judge may order that

17    the Defendants pay restitutions if there are any identifiable

18    victims.  I don't know if that -- if there are.

19           But, at this time, I must advise you that that's one

20    of the options that the judge will have at the time of

21    sentencing.

22           Also, the indictment has a forfeiture allegation, by

23    which you may be ordered to forfeit certain amounts of money

24    that are detailed at page 3 of the indictment to the

25    government.

1            Are you aware that that may happen at the time of

2   sentencing?

3   A.    Yes.

4   A.    Yes.

5   A.    Yes.

6   Q.    Alright.  At the time of sentencing, the presiding judge

7   is required to consider but not necessarily follow the

8   sentencing guidelines, because the sentencing guidelines are

9   advisory.

10            Have you discussed with your attorneys how the

11   sentencing guidelines may apply in your case?

12   A.    Yes.

13   A.    Yes.

14   A.    Yes.

15   Q.    And, after your guideline range has been determined, the

16   Court has the authority, in some circumstances, to depart from

17   the guidelines and to impose a sentence that could be more

18   severe or could be less severe than any sentence called for by

19   the guidelines.

20            Do you understand that?

21   A.    Yes.

22   A.    Yes.

23   A.    Yes.

24   Q.    Alright.  While the sentencing guidelines are advisory,

25   the sentencing factors must be considered by the presiding

1   judge at the time of sentencing.

2           And those factors are found at 18 United States Code,

3   Section 3553 (a).  And they are: the seriousness of the

4   offense, the need for deterrance of criminal conduct, the need

5   to protect the public from further crimes, the need to provide

6   Defendants with educational, vocational, medical training, or

7   medical care, the need to provide restitution to any victims.

8           And the Court may also take into account any special

9   characteristics on the part of a Defendants.

10          Are you aware that those are the factors to be

11  considered by the presiding judge at the time of sentencing?

12  A.   Yes.

13  A.   Yes.

14  A.   Yes.

15  Q.   Alright.  Do you understand that parole has been

16  abolished in the federal system, and, if you're sentenced to

17  prison, you will not be released on parole?

18  A.   Yes.

19  A.   Yes.

20  A.   Yes.

21  Q.   Alright.  Now, have you discussed with your attorneys the

22  rights that you're waiving by pleading guilty?

23  A.   Yes.

24  A.   Yes.

25  A.   Yes.

1  Q.   Okay.  I'm going to advise you of those rights again.

2          You have the right to decide that you want to plead

3  not guilty.  And, if you choose to plead not guilty, then you

4  would have the right to go to trial.  And it would be a

5  speedy, a public trial by jury before a District Judge.  And,

6  at trial, you would be presumed innocent.  And it is the

7  government that has to prove your guilt beyond a reasonable

8  doubt.

9          And, at trial, you would have the right to see and

10 hear all the witnesses for the government, and you can have

11 them cross examined.

12         And, if you can not afford an attorney, one would be

13 assigned to represent you.

14         And, also at trial, you can decide whether you want

15 to testify or not testify.  And, if you decide that you don't

16 want to testify, it cannot be used against you, because you

17 have a right not to incriminate yourselves.

18         By pleading guilty, you are incriminating yourselves,

19 because you're conceding, you're admitting that you did what

20 the government claims you did.

21         So far, do you understand these rights?

22 A.   Yes.

23 A.   Yes.

24 A.   Yes.

25 Q.   At trial, you would have the right to use the subpoena

1    power of the Court to compel the attendance of witnesses or

2    for the production of any evidence that could be used in your

3    defense.

4           Also, you have the right to have a jury returned a

5    unanimous verdict before you could be found guilty or not

6    guilty in this case.

7           So, summing it up: Do you understand that you have

8    the right to plead not guilty, go to trial, and all of these

9    other rights that I have mentioned?

10   A.    Yes.

11   A.    Yes.

12   A.    Yes.

13   Q.    Okay.  Do you understand that, by pleading guilty, like

14   this, without a plea agreement -- what is called a straight

15   plea -- there are no agreements, no compromises of any sort?

16          Do you understand that with the government?   You're

17   pleading guilty, and, at the time of sentencing, there will be

18   certain considerations that your attorneys will raise, but

19   that there's no agreement with the government at this time,

20   for any sentencing recommendation.

21          Are you all aware of that?

22   A.    Yes.

23   A.    Yes.

24   A.    Yes.

25   Q.    Okay.  You're charged with conspiracy to possess with

1    intent to distribute and with the attempt to possess with the

2    intent to distribute said controlled substances.

3           For the government to prove this case, the government

4    would have to prove that there was a conspiracy.  A conspiracy

5    is an agreement between two or more persons to do something

6    that is against the law.

7           Also, the government would have to prove --

8           THE DEFENDANT:  (Commenting in Spanish)

9           THE COURT:  Mr. Gaztambide, do you need to confer

10   with your client?

11          MR. GAZTAMBIDE:  No, I'm fine, Your Honor.

12          THE COURT:  You may.  I don't --

13          MR. GAZTAMBIDE:  No, no.  We're ready.  I'm sorry.

14          THE COURT:  Are you sure?

15          MR. GAZTAMBIDE:  Yes.

16          THE COURT:  I don't have a problem.  I'll give you

17   two minutes.

18          MR. GAZTAMBIDE:  No, no.  No, no, Your Honor.

19          THE COURT:  Okay.  Alright.

20          So, I was explaining to the Defendants that the

21   government must prove that a conspiracy existed, which is an

22   agreement between two or more persons to do something that is

23   against the law.

24   BY THE COURT:

25   Q.   That this was done knowingly and intentionally.

1         "Knowingly" means that you were aware of what you

2    were doing, and it did not occur through ignorance, mistake,

3    or accident.

4         And "Intentionally" means that you were doing this

5    with the specific purpose of doing it, again not by mistake or

6    accidents.

7         And, "Unlawfully", of course, means against the law.

8         Now, the second charge, the attempt to possess with

9    intent to distribute: Well, "To possess" is to have something

10   on one's possession, and it's kind of -- the definition goes

11   in circles.

12        I have something, and I intend to transfer that

13   something to someone else.  That would be the intent to

14   distribute.

15        So, these are basically the elements of these

16   offenses to which you're pleading guilty.

17        Now, I'm going to have the government tell you what

18   is it that the government would try to prove if this case were

19   to go to trial.

20        THE COURT:  Ms. Longo?

21        MS. LONGO QUIÑONES:  The United States has provided

22   to the defense ample discovery in compliance with the Federal

23   Rules of Evidence.

24        And, if this matter would have proceeded to trial,

25   the United States would have presented evidence through live

1   testimony,  including the testimony of law enforcement

2   officers as well as physical evidence and documentary

3   evidence, including video, audio, and photos, which would have

4   proven beyond a reasonable doubt the following facts:

5          Beginning in April of 2012, the Defendant Benigno

6   Hernández Clander began having telephone communications with

7   an HSI undercover agent for the purpose of negotiating the

8   purchase of cocaine.

9          Hernández Clander agreed to receive 100 kgs of

10  cocaine in exchange for paying $19,000 per kg.

11         Hernández Clander further agreed to provide the

12  undercover agent with a down payment of $170,000 upon the

13  receipt of the narcotics, with the remainder to be paid at a

14  later date.

15         On May 3, 2012, Hernández Clander and the undercover

16  agent agreed to meet in order to complete the narcotics

17  transaction.

18         Later that day, the undercover agent picked up

19  Hernández Clander,  and they traveled to the parking lot of

20  COSTCO in Carolina, Puerto Rico, for the purpose of completing

21  the drug transaction and exchanging vehicles.

22         A second undercover -- HSI undercover agent --

23         THE COURT:  Ms. Longo, are all those conversations

24  recorded?

25         MS. LONGO QUIÑONES:  Yes, Your Honor.

1          THE COURT:  Okay.  Mr. Albino, did you review this

2    transcript, or did you hear these tapes?

3          MR. ALBINO GONZÁLEZ:  Yes, we did, Your Honor.

4          THE COURT:  Okay.  Continue.

5          MS. LONGO QUIÑONES:  A second HSI undercover agent

6    was waiting at the parking lot in an undercover vehicle loaded

7    with sham cocaine.

8          After Defendant Hernández Clander inspected the sham

9    cocaine, Defendant Francisco Mercedes showed the second

10   undercover agent and the $170,000 that he had brought in a

11   third vehicle as a downpayment.

12         Defendant Hernández -- Pedro Hernández Ubiera also

13   contacted the second undercover agent, and they walked back

14   together to the under -- to the second undercover vehicle

15   where the 100 kgs of sham cocaine was located.

16         At this time, HSI agents intervened in the

17   transaction, and the three defendants were placed under

18   arrest.

19         THE COURT:  Alright.

20   BY THE COURT:

21   Q.   Mr. Hernández, were you able to follow the statements of

22   the Prosecutor?

23   A.   Yes.

24   Q.   And you, Mr. Hernández Ubiera?

25   A.   Yes.

1  Q.   Mr. Mercedes?

2  A.   Yes.

3  Q.   Do you believe those facts to be true and accurate?

4  A.   Yes.

5  A.   (No immediate response)

6          MR. BOUCHER MARTÍNEZ:  Your Honor, as to Defendant

7  No. 2, Pedro Hernández Ubiera, at this time, we are reserving

8  the right for purposes of sentencing only as to the amount of

9  the kilos that were in the transaction, the alleged

10 transaction.  ... (off mic) ... we have an objection.

11         THE COURT:  Mr. Gaztam --

12         MR. BOUCHER MARTÍNEZ:  So, just noting for the record

13 that we have an objection as to the amount, for purposes of

14 sentencing only.

15         THE COURT:  Mr. Gaztambide?

16         MR. GAZTAMBIDE:  Your Honor, we are in the same

17 position.  But the United States only has to prove it's a

18 detectable amount.

19         THE COURT:  Okay.

20         MR. GAZTAMBIDE:  In any case, --

21         THE COURT:  So, Mr. Boucher and Mr. Gaztambide want

22 to reserve for the record the right to argue the amount of

23 narcotics involved at the time of sentencing?

24         MR. BOUCHER MARTÍNEZ:  That is it, yes, Your Honor.

25         MR. ALBINO GONZÁLEZ:  I'm -- Your Honor?

1          MS. LONGO QUIÑONES:  No objection, Your Honor.

2          THE COURT:  Excuse me?

3          MS. LONGO QUIÑONES:  No objection, Your Honor.

4          MR. BOUCHER MARTÍNEZ:  And, as the Prosecutor stated,

5   my client appeared at COSTCO in a car where the $170,000 were

6   found, and -- and he accepts that that is correct.

7          MR. ALBINO GONZÁLEZ:  Your Honor?

8          THE COURT:  Yes?

9          MR. ALBINO GONZÁLEZ:  If I may?  I will join Brother

10  Counsels' objection as well.

11          THE COURT:  Okay.  It's more -- it's not an

12  objection --

13          MR. ALBINO GONZÁLEZ:  Yeah, it's not -- it's not --

14          THE COURT:  -- really, it's a reservation.

15          MR. ALBINO GONZÁLEZ:  -- an objection.  It's --

16  exactly, Your Honor.

17          THE COURT:  Because, at this time, --

18          MR. BOUCHER MARTÍNEZ:  Yeah.

19          THE COURT:  -- the Defendants have to accept --

20          MR. BOUCHER MARTÍNEZ:  Yes.

21          THE COURT:  -- responsibility, (a), for the elements

22  of the offense as charged, and, (b), for the accuracy and

23  truthfulness of the facts.

24          If you're going to discuss the amounts, it really

25  goes to the actual exposure at the time of sentencing.

1           MR. ALBINO GONZÁLEZ:  Exactly, --

2           MR. BOUCHER MARTÍNEZ:  That's right.

3           MR. ALBINO GONZÁLEZ:  -- Your Honor.

4           THE COURT:  Are we all in agreement?

5           MR. ALBINO GONZÁLEZ:  Yes, Your Honor.

6           And -- and our --

7           MS. LONGO QUIÑONES:  That's correct, Your Honor.

8           MR. ALBINO GONZÁLEZ:  -- and the Defendants are

9   accepting the facts.

10           THE COURT:  Okay.  So, we don't have a problem.

11           MR. BOUCHER MARTÍNEZ:  That's correct, Your Honor.

12           THE COURT:  For now.  Okay.

13           Now, addressing the 3 Defendants:

14   BY THE COURT:

15   Q.   We have discussed the charges, the elements of the

16   offense, and the statement of facts, or the version of the

17   fact that the government is presenting, and that is what the

18   government would have tried to prove if you three had decided

19   to go to trial.

20           I have explained to you the consequences of entering

21   a straight plea.

22           And, at this time, I need to ask each one of you: how

23   do you plead to the two-count indictment pending against you?

24   A.   Guilty.

25   A.   Guilty.

CERTIFIED TRANSCRIBERS, INC.
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

1  A.    Guilty.

2  Q.    Okay.

3          THE COURT:  I find that the Defendants are fully

4  competent and capable of entering an informed plea, that the

5  Defendants are aware of the nature of the charges and the

6  consequences of entering into a straight plea, that this plea

7  is a knowing and voluntary plea supported by an independent

8  basis containing each of the essential elements of the

9  offenses as charged.

10         I will, therefore, issue a report and recommendation

11 that a plea of guilty be entered as to the two-count

12 indictment pending in Crim. No. 12-433, United States of

13 America vs. Benigno Hernández, Pedro Hernández, and Francisco

14 Mercedes.

15         A written presentence report will be prepared by the

16 Probation Office to assist the District Judge at the time of

17 sentencing.

18 BY THE COURT:

19 Q.   I recommend that you cooperate fully with the preparation

20 of the report, and also advise you that you have a right to be

21 assisted by Counsel during the interview process.

22         The presiding judge has set the sentencing for

23 January 16, 2013, at 9:00 a.m..

24         THE COURT:  Anything further?

25         MR. HENWOOD:  Your Honor, one thing, real quick: in

1   this case, although Defendants have entered into a straight

2   plea, there's a possibility that they might be eligible for

3   the safety valve reduction.

4           I was wondering if you could possibly explain that to

5   them.  I have something I can provide to Your Honor --

6           THE COURT:  Okay.

7           MR. HENWOOD:  -- that explains it, because --

8           THE COURT:  The three -- the three defendants are

9   considering this?

10          MR. GAZTAMBIDE:  Yes, Your Honor.

11          THE COURT:  Okay.  Okay.

12  BY THE COURT:

13  Q.   The government is advising that there's a possibility

14  that the three of you may enter into an agreement with the

15  government by which you cooperate fully with the government,

16  and you are given what is called a safety valve.  And I'm

17  going to explain to you what that is.

18          This allows the presiding judge to give you a term of

19  imprisonment before the statutory minimum, which is what we

20  discussed before, that the offenses to which you're pleading

21  guilty carries a minimum term of imprisonment of 10 years.

22          So, for the presiding judge to go below that, this is

23  -- this is the way to do it.

24          And -- and it states here that, if you fully comply

25  with all the requirements of the safety-valve provisions,

1   which are found at Title 18 United States Code, Section 3553
2   (f) (1)-(5), and guideline section (5) (c) 1.2, which are as
3   follows: That you don't have a criminal history category of
4   more than one, that you did not use any violence or credible
5   threats of violence, that you did not possess firearms or
6   other dangerous weapons in connection with this offense, that
7   these offenses did not result in death or serious bodily
8   injury to anyone, that you were not organizers, leaders,
9   managers, or supervisors of others in the commission of these
10  offenses, and that you were not engaged in continuing criminal
11  enterprises, and that, not later than the time of the
12  sentencing hearing, you have truthfully provided to the
13  government all the information and the evidence that you may
14  have concerning the offenses of which you were part of, or any
15  information that you may have regarding the same course of
16  conduct or the scheme or the plan or the conspiracy.

17          The fact that the defendant has no relevant or useful
18  information to provide or that the government's already aware
19  of the information shall not preclude a determination by the
20  Court that the Defendant has complied with the requirement.

21          Okay.  Do you understand this so far?
22  A.    Yes.
23  A.    Yes.
24  A.    Yes.
25  Q.    Okay.  You looked a little bit puzzled.  If you don't

1  understand something, say so now.  If you need to confer with

2  your Attorney, say so now too.

3          MR. ALBINO GONZÁLEZ:  Your Honor, we have been able

4  to discuss with our client and explain to him the

5  consequences --

6          THE COURT:  You have or you have not?

7          MR. ALBINO GONZÁLEZ:  We have.

8          THE COURT:  Oh, you have.

9          MR. ALBINO GONZÁLEZ:  -- of the safety valve.

10         So, he is clear as to the impact it would have on his

11 sentence.

12     (Clients confer with Counsel)

13         THE COURT:  Yes?  Mr. Gaztambide?

14         MR. GAZTAMBIDE:  Yes.  No, we're fine, Your Honor.

15 We're fine.

16         THE COURT:  We're all fine?

17         MR. BOUCHER MARTÍNEZ:  We are.

18         THE COURT:  Okay.

19 BY THE COURT:

20 Q.   I have already -- I have already taken your plea, and I

21 already even gave you your date for the sentencing hearing.

22         After that, the Prosecutor advises me that there is a

23 possibility of all of you entering into an agreement by which

24 you can take advantage of the safety valve.  And that's what I

25 was explaining at this time.

1          But you have time, about three months, to discuss
2    this with your attorneys, and enter into the agreement if you
3    wish to do so, and make whatever arguments you need to make to
4    the Court at the time of sentencing.  Okay?
5          MR. ALBINO GONZÁLEZ:  Very well.
6          THE COURT:  Anything you want to ask -- or your
7    client -- at this time?
8          MR. GAZTAMBIDE:  Yes, Your Honor.
9          First, that he remain under the same conditions.  And
10   I wanted to bring to the attention of the Court that we
11   received a call from Guillermo Montañez --
12         THE COURT:  Yes?
13         MR. GAZTAMBIDE:  -- from pretrial, and he mentioned
14   that, even though he had a trial scheduled for today, that,
15   before he came, that he had to ask permission to be here for
16   trial.
17         I had informed my client yesterday that he didn't
18   have to ask for permission because he was under an order of
19   the Court, that he had to be --
20         THE COURT:  To come here today?
21         MR. GAZTAMBIDE:  To come here today.
22         THE COURT:  Okay.
23         MR. GAZTAMBIDE:  But Mr. Montañez claims that, even
24   if it's a court order, that he still has to go to pretrial.
25         And I fail to understand the logic of that.  I just

1  wanted to know that he didn't -- he didn't fail to notify on

2  his own, it was my mistake thinking that, because the court

3  had ordered him to be here, that he should be here.

4          THE COURT:  I understand.  I don't think it's going

5  to be a problem.  I don't anticipate this to be a problem.

6  But ...

7          MR. GAZTAMBIDE:  But it's that he wasn't supposed to

8  leave until 9:00, but he left at 8:20 to be here on time

9  for --

10          THE COURT:  To be here on time.

11          MR. GAZTAMBIDE:  -- for Court at 9:00.

12          THE COURT:  Okay.  If it's a problem, let me know,

13  and we'll figure it out.  Because, I don't see -- I don't

14  think this Defendant in any way tried to violate any condition

15  of bail.

16          So, I don't think it requires further dealing with

17  this.

18          Anyway, you will cont -- no objection on the part of

19  the government that he continue under the same conditions on

20  bail?

21          MS. LONGO QUIÑONES:  No objection, Your Honor.

22          THE COURT:  Okay.  So, Mr. Mercedes will continue

23  under the same conditions of bail that he's enjoying.

24          MR. GAZTAMBIDE:  Thank you.

25          THE COURT:  And that's it.

1          Anything further from anyone?

2          MR. BOUCHER MARTÍNEZ:  Nothing further, Your Honor.

3          MR. ALBINO GONZÁLEZ:  Nothing further, Your Honor.

4          THE COURT:  From the government?

5          MS. LONGO QUIÑONES:  Nothing further, Your Honor.

6          MR. GAZTAMBIDE:  I think we should notify the

7   presiding judge of the --

8          THE COURT:  I will do that right now.

9          He's been waiting for my call to let the jury go.

10         COURTROOM CLERK:  I have just notified the court room

11   deputy.

12         THE COURT:  Thank you.

13         Do you see how efficient my courtroom staff is?

14         MR. ALBINO GONZÁLEZ:  Permission to withdraw, Your

15   Honor?

16         THE COURT:  Granted.

17         MR. ALBINO GONZÁLEZ:  Thank you.

18      (Whereupon, change of plea hearing in this matter is

19   hereupon concluded for this day)

20                                        (3:46 p.m.)

21

22

23

24

25

**CERTIFIED TRANSCRIBERS, INC.**
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

61

```
1                              I N D E X

2                         DIRECT    CROSS    REDIRECT   RECROSS

3   WITNESSES:

4   BENIGNO HERNANDEZ CLANDER      4        **          **       **

5   PEDRO HERNANDEZ UBIERA         4        **          **       **

6   FRANCISCO MERCEDES             4        **          **       **

7

8

9

10

11

12

13

14

15

16   EXHIBITS              FOR IDENTIFICATION      ADMITTED

17   None.

18

19

20

21

22

23

24

25
```

**CERTIFIED TRANSCRIBERS, INC.**
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487

```
1                  TRANSCRIBER CERTIFICATION

2

3          I, CRYSTAL INCHAUSTEGUI BREAZ, Transcriber, do

4   hereby certify that the foregoing transcript was transcribed

5   by me to the best of my abilities.

6

7          I CERTIFY that all "(inaudible)", "(phonetic)", and

8   "(unintelligible)" were carefully reviewed and found to be as

9   written.

10

11         I FURTHER CERTIFY that I am not interested in the

12  outcome of the case mentioned in said caption.

13

14                       S/ CRYSTAL INCHAUSTEGUI

15                       CRYSTAL INCHAUSTEGUI BREAZ

16

17         I, DIANE BREAZ, RPR and Official Court Reporter for

18  the District Court of Puerto Rico, certify that the foregoing

19  transcript has been verified and certified by me.

20

21                       S/ DIANE BREAZ

22                       DIANE BREAZ

23

24

25
```

**CERTIFIED TRANSCRIBERS, INC.**
1075 Carr. 2 Plaza Suchville #302
Bayamón, Puerto Rico 00959
Tel. # (787) 783-6623; (787) 617-9487