IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] BENIGNO HERNANDEZ-CLANDER,<br>Defendant. | Criminal No. 12-433 (FAB)<br><br>FILED SELECTED PARTIES |

**UNITED STATES' MOTION REQUESTING A REDUCTION
OF SENTENCE PURSUANT TO SECTION 5K1.1
OF THE U.S. SENTENCING GUIDELINES**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, through the undersigned attorneys, and respectfully moves this Honorable Court for a reduction in the sentence of [1] BENIGNO HERNANDEZ-CLANDER (the "Defendant") pursuant to Section 5K1.1 of the United States Sentencing Guidelines. In support of this request the United States prays as follows:

1. On May 31, 2012, a Federal Grand Jury returned an Indictment against the Defendant and two other co-defendants for, beginning on a date unknown to the Grand Jury to on or about May 3, 2012, in the District of Puerto Rico, knowingly and intentionally conspiring with each other to possess with intent to distribute and the attempt to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of Title 21, *United States Code*, Sections 846 and 841(a)(1).

2. On May 30, 2012, the Defendant signed a proffer letter and he was fully debriefed by case agents involved in the investigation. During this debriefing, the defendant described his

participation in the conspiracy that led to his arrest and the roles of the co-defendants accused in the Indictment. He also identified some of the leaders of the Drug Trafficking Organization for which he had been working since 2010. To the extent possible this information has been verified by the agents working the case, and appears to be complete and truthful.

3. Pursuant to the Defendant's statements on May 30, 2012 and his alleged intention to assist the Government in the prosecution of the case by testifying against any co-defendants that would decide to go to trial, on July 13, 2012, the Government offered the Defendant a Plea Agreement pursuant to which the parties would have agreed to recommend to the Court that the Defendant be sentenced to a term of imprisonment of seventy (70) months if the Defendant complied with all "safety valve" requirements pursuant to U.S.S.G. Section 2D1.1(b)(16). In the Plea Agreement Supplement, which outlined the parties' understanding regarding the Defendant's potential cooperation with the Government, the United States reserved the right to seek a downward departure from the applicable sentencing guidelines pursuant to Section 5K of the Sentencing Guidelines or Rule 35(b) of the Federal Rules of Criminal Procedure if, in the Government's sole discretion, the United States determined that such departure was appropriate.

4. Accordingly, on August 9, 2012, the Defendant was brought before Magistrate Judge Marcos E. López for a Change of Plea Hearing, wherein the Defendant was given an opportunity to accept the Government's plea and cooperation agreement, but the hearing was cancelled to allow defense counsel an opportunity to further discuss the terms of the plea offer with the Defendant. ECF No. 76.

5. On August 13, 2012, the Defendant was once again brought before Magistrate Judge Marcos E. López for a Change of Plea Hearing, wherein the Defendant was given an opportunity to accept the Government's plea and cooperation agreement, but the hearing was

cancelled because defense counsel informed the Court that the Defendant had not accepted the plea offer. ECF No. 79.

6. On August 15, 2012, the Defendant prepared and sent a letter to the Court indicating that as of that date he had not accepted the plea offer made by the Government and that he had not decided whether or not he wanted to exercise his right to go to trial in this case. ECF No. 85.

7. On August 27, 2012, the Defendant once again sent a letter to the Court indicating that he had not yet decided to accept the plea offer extended by the Government or sign the plea and cooperation agreement tendered for his acceptance. ECF No. 89.

8. On September 10, 2012, the date of the scheduled trial, the Defendant entered a straight plea as to all charges in the Indictment before Magistrate Judge Silvia Carreño Coll. ECF No. 118.

9. At the Change of Plea Hearing, the Defendant was duly advised by the Magistrate and his attorney, and he duly acknowledged knowing and understanding, that by entering a straight plea, without a plea agreement, there was no agreement with the Government for any sentencing recommendation. See, Transcript of the Change of Plea Hearing Held Before Magistrate Silvia Carreño Coll on September 10, 2012, page 46, lines 13-24.

10. On September 10, 2012, during a Bench Conference held at the Change of Plea Hearing before the Defendant entered his straight plea, defense counsel indicated to Magistrate Judge Silvia Carreño Coll that the Government had represented to him that there would be a cooperation agreement extended to the Defendant in this case. See, Partial Transcript of the Bench Conference Held Before Magistrate Silvia Carreño Coll on September 10, 2012 ("Partial Transcript"), page 2, lines 19-22.

11.     At that bench conference the prosecution acknowledged that a cooperation agreement would be extended to the Defendant based on the information he had already provided at the May 30, 2012 debriefing in recognition of the Government's commitment to adequately honor any assistance rendered by the Defendant through his debriefing despite the Defendant's unwillingness to accept a plea and cooperation agreement on a timely manner or to provide assistance in the preparation for the case.  See, Partial Transcript, page 3, lines 2-4.

12.     In order to honor the Government's statements at the bench conference, on January 28, 2013, the Defendant was once again provided and he signed a proffer letter and he was debriefed by case agents involved in the investigation so the Government could assess the credibility and value of any evidence or possible testimony that the Defendant could provide in assistance to the prosecution of any other crimes.  At this debriefing, the Defendant identified the same leaders of the Drug Trafficking Organization for which he had been working since 2010 that he had identified on his May 30, 2012 debriefing.

13.     Due to the Defendant's failure to accept the plea and cooperation agreement offered by the Government on a timely manner, the United States prepared for the trial set to take place on September 10, 2012, without the Defendant's assistance and he was not identified as a witness for the Government.  See, Witness List, ECF No. 100.

14.     The Defendant did not contribute to the Government's successful prosecution of this case and he has never been prepared to testify as a witness on behalf of the United States against any of the co-defendants in this case or against any other individual in any other proceedings.

15.     The Defendant has not placed himself or his family members at grave risk due to the assistance provided to the Government.

16.     The Adjusted Offense Level applicable to the Defendant's admitted conduct, according to the computations made by the United States Probation Office pursuant to the United States Sentencing Guidelines, has been determined to be a level 36. ECF No. 149.

17.     The Defendant has a Criminal History Category of I. Id., page 10.

18.     The Defendant is facing a Guideline range of 188-235 months of imprisonment as to Counts One and Two of the Indictment. Id., page 14.

19.     In view of the fact that the Defendant provided the Government with information concerning the offenses that were part of the course of conduct or common scheme or plan that led to his arrest and indictment on a timely basis, the United States respectfully submits that [1] BENIGNO HERNANDEZ-CLANDER merits a downward departure pursuant to Title 18, *United States Code*, Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines of two offense levels. Accordingly, the United States requests that the Court grant the Defendant a downward departure of two levels from the computations applicable to the Defendant's admitted conduct, bringing the Defendant's total adjusted offense level to 34 and sentence the Defendant to **151 months**. This sentence reduction would be reasonable and appropriate according to the nature of the Defendant's assistance in this case.

20.     The United is filing this pleading with a requested level of restriction of "Selected Parties" because this level of restriction is necessary to    protect the confidentiality of the matters discussed herein and the life or physical safety of the Defendant due to discussions of his alleged interest in providing assistance to the Government in the prosecution of this case and

other matters. The protection of the information and matters detailed in this pleading outweighs the presumption of public access.

WHEREFORE, the United States very respectfully requests that the Honorable Court take notice of the foregoing, sentence [1] BENIGNO HERNANDEZ-CLANDER accordingly, and grant the level of restriction requested.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on March 6, 2013.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
José A. Ruiz-Santiago
Chief, Criminal Division

_____
Dennise N. Longo Quiñones
Assistant United States Attorney